RANDY S. GROSSMAN
United States Attorney
PHILLIP N. WALTERS
Special Assistant U.S. Attorney
California Bar No. 319493
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-8982
Email: phillip.walters@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-1300-TWR |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| JOSE AUDELO MEDINA (1), | |
| Defendant. | |

The United States of America respectfully requests that the Court sentence Defendant Jose Audelo Medina to a sixteen-month custodial sentence, three years on supervised release, and a $100 special assessment. The United States files this Sentencing Memorandum in support of its recommendation for safety valve under U.S.S.G §§ 2D1.1(b)(18), 5C1.2 and a two-level Minor Role reduction, under U.S.S.G. § 3B1.1.

## I
## STATEMENT OF THE FACTS

The United States incorporates the facts summarizing the offense set forth in the Pre-Sentence Report ("PSR"). ECF No. 39 at ¶¶ 1-11 and 76-85. At the Government's request, Defendant provided additional information regarding the circumstances surrounding his

participation in a proffer letter. The United States believes that Defendant provided a complete and truthful recounting of his participation in the offense.

Defendant stated that he worked as a commercial fisherman in Sinaloa, Mexico. Defendant stated that he and his nephew, the co-defendant in this case, were recruited to important marijuana from Mexico into the United States by an individual while they were working on the docks in their hometown in Mexico. According to Defendant, this individual offered to pay them $5,000 total to transport marijuana via panga vessel from Ensenada, Mexico, into the United States. Defendant stated that this individual who recruited him was the only person with whom he had contact to coordinate the marijuana transportation. Defendant also stated that the individual controlled the logistics surrounding the marijuana transportation. Specifically, neither defendant determined when to leave Ensenada, and neither defendant had control over the panga vessel prior to using it to transport marijuana. According to Defendant, he was following the individual's instructions and was not providing any orders to the co-defendant while driving the boat. Defendant stated that he was told to drive the boat from one place in Mexico to another place in the United States and had no other involvement in the marijuana transportation.

## DISCUSSION

The Government recommends a reduction for safety valve and a downward adjustment for minor role. The Sentencing Guidelines allow for a two-level decrease in the offense level if a defendant meets the criteria for Limitation on Applicability of Statutory Minimum Sentences in Certain Cases, also known as "safety valve." U.S.S.G. § 2D1.1(b)(18).

The safety valve criteria are as follows:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

  (3) the offense did not result in death or serious bodily injury to any person;

  (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

  (5) not later than the time of the sentencing hearing, the defendant has truthfully provide to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(1)–(5).

  "The initial burden is incontestably on the defendant to demonstrate by a preponderance of the evidence that he is eligible for the reduction." *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996); *United States v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007) (the defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence); *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir. 1990) (Guidelines should "only be subject to adjustment when adjustment is merited" by "sufficient evidence to support that claim").  And to satisfy safety valve's "tell all you can tell" fifth criterion, a defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense." *Shrestha*, 86 F.3d at 939 (internal quotations omitted); U.S.S.G. § 5C1.2(a)(5).  Only if the defendant can make the requisite showing does the burden shift to the United States to show that the information supplied is "untrue or incomplete." *Shrestha*, 86 F.3d at 940.

  Similarly, "[t]he defendant bears the burden of proving that he is entitled to a downward adjustment based on his role in the offense." *United States v. Cantrell*, 433 F.3d 1269, 1282 (9th Cir. 2006) (citation omitted).  To carry this burden, the Defendant must prove by a preponderance of the evidence that he was "*substantially less culpable* than the average participant." *United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014) (emphasis in the original) (citation omitted); *see United States v. Davis*, 36 F.3d 1424, 1436

(9th Cir. 1994). The relevant pool for comparison is "all actors who participated" in the "specific criminal scheme" if the court finds "sufficient evidence of their existence and participation." *United States v. Rojas-Millan*, 234 F.3d 464, 473-74 & n.5 (9th Cir. 2000).

The Guidelines Commentary also provides a non-exhaustive list of factors for courts to consider when determining whether minor role is appropriate:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n.3(c)(i-v).

The Ninth Circuit held that courts "should consider all of the factors" in this non-exhaustive list when determining a defendant's role. In *United States v. Diaz*, 884 F.3d 911 (9th Cir. 2018), the Ninth Circuit reaffirmed that "when measuring a defendant's culpability relative to that of other participants, district courts must compare the defendant's involvement to that of all likely participants in the criminal scheme," even if they are unnamed. *See id.* at 916-17. *Diaz* also noted that "when a defendant knows little about the scope and structure of the criminal enterprise in which he was involved, that fact weighs in favor of granting a minor-role adjustment." *Id.* at 917. The Sentencing Guidelines Commentary explains that "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs that the defendant personally

transported or stored may receive an adjustment under this guideline." USSG § 3B1.2 cmt. n.3(a).

Defendant has satisfied each criterion for safety valve. First, Defendant was open and truthful in his proffer letter to the Government. In the letter, Defendant discussed the circumstances leading up to the arrest and the plan that was provided to him by the individual who recruited both Defendant and his co-defendant. Defendant was forthcoming in his proffer letter by stating that he was told to drive the boat from Mexico into the United States. Additionally, Defendant also stated that the co-defendant, his nephew, was not involved in the planning of the marijuana transportation. Of note, no violence was used during Defendant's participation in this offense, and the offense did not result in serious bodily injury to any person. Lastly, neither Defendant nor his co-defendant were an organizer or leader in the offense.

Defendant admitted to being paid $5,000 for both him and his co-defendant to transport marijuana from Ensenada to the United States. Defendant also admitted that he was not involved in the planning of the marijuana transportation. Based off of the information provided by Defendant, the recruiter withheld details from both Defendant and his nephew and instructed both defendants on how to transport the marijuana. Because Defendant had a limited role in only driving the boat, it is appropriate that he receive an adjustment for both minor role and safety valve. Further, because Defendant has been forthcoming in telling the government about the circumstances surrounding his participation in this offense, he should receive a downward departure for safety valve.

In fact, because Defendant's recruiter purposely kept planning details from both him and his co-defendant, Defendant was substantially less culpable than his recruiter and the participants who loaded the vehicle. Defendant's involvement appears "limited to transporting . . . drugs", and it appears that he "is accountable under § 1B1.3 only for the quantity of drugs that [he] personally transported." USSG § 3B1.2 cmt. n.3(a). Considering Defendant's history and characteristics, the government believes that he is not only substantially less culpable than others similarly situated, but that he also qualifies for a

variance based off his previous employment history, his support family, and his desire to move forward from this conviction. As stated in the PSR, Defendant has a supportive family and does not have any prior criminal history. In light of Defendant having a supportive family as well as his desire (as demonstrated in the PSR) to move forward from this conviction, a proposed sentence below the guidelines is sufficient, but not greater than necessary, to deter Defendant from committing a similar crime in the future, while also promoting respect for the law.

## III.
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sixteen-month custodial sentence, three years on supervised release, and a $100 special assessment.

DATED: October 5, 2022

Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

/s/ *Phillip N. Walters*
PHILLIP N. WALTERS
Special Assistant U.S. Attorney