**CASSANDRA L. LOPEZ**
California State Bar No. 260919
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Cassandra_L_Lopez@fd.org

Attorneys for Jose Audelo Medina

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 22-CR-1300-TWR |
|---|---|
| Plaintiff, | Hon. Todd W. Robinson<br>Courtroom 3A |
| v. | **MR. AUDELO MEDINA'S SENTENCING MEMORANDUM** |
| JOSE AUDELO MEDINA | |
| Defendant. | |

TO:   RANDY GROSSMAN, UNITED STATES ATTORNEY;
      PHILLIP WATERS, ASSISTANT UNITED STATES ATTORNEY;
      CHRISTINA JONES, UNITED STATES PROBATION OFFICER:

## I.
## INTRODUCTION

Mr. Audelo Medina respectfully requests a sentence of time served, or five months in custody. Given his lack of criminal history, motivation for committing the offense, and the fact that he was smuggling marijuana, time served will sufficiently punish him for possession of marijuana with intent to distribute.

## II.

## TIME SERVED IS APPROPRIATE UNDER 3553(a)

**A. The Individual before the Court**

Mr. Audelo Medina's conduct in this case is aberrant behavior from an otherwise law-abiding life. He was born and raised in Barra de Piaxtla, a small town

of less than 500 people in Sinaloa Mexico, and has lived there for his entire life. He is 33 years old and had never been arrested before this case, nor had he ever been to the United States. PSR 2. Before his arrest, he was living with his common law wife of 12 years, Noemi Liazaro Moreno, and their two young daughters, Elsy (age 10) and Mia (age 3), none of whom have permission to enter the United States. He has thus been unable to see his family since his arrest, although he regularly speaks to them on the phone. This is the first time they have been apart for a substantial amount of time.

His family is the most important part of his life and Mr. Audelo Medina is a devoted father and an attentive husband. He regularly helps Elsy with her homework, snuggles Mia, and spends quality time with his family when he's not working. He recognizes that his actions in this case have made life even more difficult for his family because they are "emotionally and financially struggling in his absence." PSR at ¶15. His children regularly ask when he is coming home which has been "very troubling and difficult" for Mr. Audelo Medina. *Id.*







Mr. Audelo Medina comes from a family of fisherman and began fishing with his father when he was still a child. He stopped attending school after elementary school and began working as a fisherman with his father when he was just 12 years old. He has worked as a commercial fisherman in Barra de Piaxla for

all of his adult life. For the past number of years, he has worked with the co-defendant, William Corona Felix, who is his nephew. They regularly fish together, catching shrimp, lobster and other marine animals. They share the proceeds of their earnings 50/50.




Although he works tirelessly, Mr. Audelo Medina's income from his catch was limited. He earned about $150 per week at the time of his arrest. In an effort to support his family, Mr. Audelo Medina also supplemented his income by giving tours in his boat. He could earn an additional $25 per day working as a tour guide. Still his income was modest and he struggled to pay the bills. He wanted to provide his children with the kind of childhood he had been unable to have because he started working at age 12 to help his family. He had acquired about $2,500 in credit card debt before his arrest and had been unable to pay off this debt on his modest income. PSR at ¶59. Moreover, he had recently been seen by a doctor who informed him that he may have testicular cancer or a hernia and that he needed to complete additional testing and blood work to determine the exact diagnosis. *Id.* at ¶47. He does not have health insurance and will need to pay out of pocket for the testing.

He planned to use some of the money earned from this offense to see the doctor and obtain the necessary treatment for his condition.

To his credit, Mr. Audelo Medina has tremendous family support that will be there for him when he returns home. He owns a modest home in Sinaloa, valued at $1,254. He also has a strong work ethic. Upon his release from custody, he intends to return to Barra de Piaxla, reunite with his family, and continue working as a fisherman and tour guide. *Id.* at ¶ 46.




B. <u>Sentencing Request under 18 U.S.C. 3553(a)</u>

A sentence of time served will sufficiently punish Mr. Audelo Medina for his conduct in this case. He is detained in a foreign country where he knows no one and has never spent any time. This is the longest amount of time he has ever spent away from his wife and children. They have continued to struggle financially in his absence.

### 1. Nature and circumstances of this offense

Mr. Audelo Medina was hired to transport marijuana from Ensenada to Los Angeles. His role in the offense was limited and he knew almost nothing about the people for whom he was working. He expected to earn a mere $2,500 for this long and dangerous journey. He had no contact with anyone other than the person who recruited him. Moreover, he never successfully smuggled marijuana or any other illegal drug into the U.S. In addition, once out on the open ocean, he realized how dangerous the endeavor was. The sea was turbulent, the panga had mechanical difficulties, and they lacked adequate safety gear. Given how dangerous it was and the fact that he has been separated from his family who are in an even worse situation than before, he has no desire to become involved with marijuana smuggling again in the future.

### 2. "Sufficient but not greater than necessary"

#### i. Seriousness of the offense

This was a non-violent offense that involved minimal planning and there are no direct victims from this crime. In addition, the offense involved marijuana, which is legal in California and known for its medicinal properties. Recreational marijuana is legal in 19 states, Washington D.C., and Guam. It's reasonable to expect that it will eventually be entirely legal in the United States. While marijuana remains prohibited under federal law, the court should consider the movement to decriminalize or legalize marijuana when deciding the severity of the punishment in this case.

#### ii. Respect for the law

The purpose of promoting respect for the law entails instilling the belief that the law should be followed in the individual and society in general. Americans respect a fair and individualized application of the law. If the punishment fits the

crime, people respect the laws that govern them. If the punishment is too harsh, the sentence promotes disrespect for the law. As the Supreme Court noted in *Gall v. United States*, "a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." 552 U.S. 38, 54, 128 S. Ct. 586, 599, 169 L. Ed. 2d 445 (2007).

Here, a sentence of time served will promote respect for the law. This sentence is sufficient but not great than necessary for an individual who was smuggling marijuana with no criminal history, no ties to the United States, and a low likelihood of recidivism.

### iii. Just punishment

In some cases, incapacitation is a valid justification for imprisonment. That is not true here. There is no need for a lengthy period of incapacitation for Mr. Audelo Medina because of the mitigating circumstances surrounding the offense and the low likelihood of recidivism.

Implicit in § 3553 is the acknowledgement that imprisonment and the psychological effects that come with it are not to be taken lightly. Essentially, it calls upon the Court to only put a person through the least amount of suffering necessary. § 3553 is a statute based partly upon mercy. Here, a sentence of time served or five months is the just and merciful sentence.

//
//
//
//
//

# III.

# CONCLUSION

Giving Mr. Audelo Medina's personal history, including his lack of criminal history and motivations for committing the offense, the court should impose the requested sentence of time served.

                              Respectfully submitted,

DATED: October 5, 2022        *s/ Cassandra L. Lopez*
                                       Federal Defenders of San Diego, Inc.
                                       Attorneys for Mr. Audelo Medina